OPINION
{¶ 1} This is an accelerated calendar case, submitted to this court on the record and the briefs of the parties. Appellant, Jane Doe (a pseudonym), appeals the judgment entered by the Trumbull County Court of Common Pleas. The trial court entered summary judgment in favor of appellees, Trumbull County Children Services Board ("TCCSB") and its employees: Phyllis J. Johnson, David Watts, and Robin Moon.
 {¶ 2} Appellant has two children from her marriage to her ex-husband. Following the divorce, appellant was designated as the residential parent of the children. Thereafter, the older child began experiencing severe respiratory ailments as well as other health problems. TCCSB received a complaint that appellant may be responsible for the child's injuries. TCCSB was granted temporary custody and the children were taken from appellant. On April 8, 2001, appellees filed a complaint for dependency relating to appellant's children. In September 2001, an adjudicatory hearing was held before a magistrate. The magistrate issued an order recommending a protective supervision order. Appellant filed objections to the magistrate's decision. The trial court reviewed the matter and issued a judgment entry indicating both children were adjudicated dependent children. Appellant appealed that judgment to this court. On appeal, this court affirmed the judgment of the trial court.[1]
 {¶ 3} While the dependency appeal was pending in this court, the trial court held hearings regarding the custody of the children. The magistrate issued an order recommending the father be granted custody of the children. Appellant filed objections to the magistrate's decision. The trial court overruled appellant's objections and adopted the recommendation that the father be granted custody of the children. Appellant appealed this judgment. Her appeal was dismissed by this court for failure to prosecute.[2]
 {¶ 4} On April 30, 2002, the deposition of Dr. Charles F. Johnson was taken. Dr. Johnson stated that he believed the older child's injuries were not caused by appellant.
 {¶ 5} Subsequently, appellant initiated the instant action against appellees for malicious prosecution. Appellees filed a motion for summary judgment. Appellant filed a brief in opposition. The trial court granted appellees' motion for summary judgment.
 {¶ 6} Appellant raises the following assignment of error:
 {¶ 7} "The trial court erred to the detriment of appellant, by granting defendants['] motion for summary judgment."
 {¶ 8} Pursuant to Civ.R. 56(C), summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.[3] In addition, it must appear from the evidence and stipulations that reasonable minds can come to only one conclusion, which is adverse to the non-moving party.[4] The standard of review for the granting of a motion for summary judgment is de novo.[5]
 {¶ 9} In Dresher v. Burt, the Supreme Court of Ohio set forth a burden-shifting exercise to occur in a summary judgment determination. Initially, the moving party must point to evidentiary materials to show that there are no genuine issues of material fact and they are entitled to judgment as a matter of law.[6] If the moving party meets this burden, a reciprocal burden is placed on the non-moving party to show that there is a genuine issue of fact for trial.[7]
 {¶ 10} The Supreme Court of Ohio has set forth the following elements necessary for a claim of malicious prosecution:
 {¶ 11} "In order to state a cause of action for malicious civil prosecution in Ohio, four essential elements must be alleged by the plaintiff: (1) malicious institution of prior proceedings against the plaintiff by defendant, (2) lack of probable cause for the filing of the prior lawsuit, (3) termination of the prior proceedings in plaintiff's favor, and (4) seizure of plaintiff's person or property during the course of the prior proceedings."[8]
 {¶ 12} In this matter, appellant, as a matter of law, is unable to demonstrate the third element of the above test. The prior proceedings were not terminated in her favor. Appellees attached the deposition of Attorney Susan Porter Collins to their motion for summary judgment. Attorney Collins represented TCCSB in the underlying dependency action. In her deposition, she states the children were adjudicated dependent and the adjudication was affirmed by this court on appeal. Appellees also attached a copy of this court's decision in the matter to their motion for summary judgment.[9]
 {¶ 13} Appellant does not dispute appellee's argument that the initial dependency proceedings did not end in her favor. However, she claims the subsequent proceedings ended in her favor because TCCSB was no longer involved in the matter. Following the custody hearings, the children's father was granted custody. Appellant appealed that judgment to this court. However, that appeal was dismissed for failure to prosecute.[10]
Appellant has not provided any evidence showing that these proceedings ended in her favor. Appellees, however, provided evidence that the children's father was granted custody and appellant was not satisfied with the judgment, so she appealed it.
 {¶ 14} Appellant has not met her reciprocal burden, under Dresher v.Burt, showing that the prior proceedings were terminated in her favor. Therefore, as a matter of law, appellees were entitled to judgment, because the third prong of the Robb test for malicious civil prosecution was not met.[11]
 {¶ 15} Much of appellant's argument involves the deposition of Dr. Johnson, which she attached to her brief in opposition to appellant's motion for summary judgment. Appellant claims that appellees involvement in the matter from April 30, 2002 until the final custody determination was continued malicious prosecution. Appellant argued that appellees should have ended their involvement in the case upon learning, through the deposition of Dr. Johnson, that appellant was not responsible for the child's injuries.
 {¶ 16} Pursuant to the second prong of the Robb test, appellant needed to demonstrate that appellees lacked probable cause for filing the dependency action.[12] Appellees, through the submissions of Attorney Collins affidavit and this court's opinion in the dependency appeal, met their burden, pursuant to Dresher v. Burt, of showing that there were no genuine issues of material fact on this issue. That is, because the children were ultimately adjudicated dependent, there was, at a minimum, probable cause to file the complaint. Appellant did not meet her reciprocal burden of submitting evidentiary materials to rebut appellees' submissions. Rather, appellant relied on the deposition of Dr. Johnson, claiming appellees continued involvement in the case constituted malicious prosecution. We disagree. Appellant needed to demonstrate a genuine issue of material fact on the issue of whether appellees filed
the complaint without sufficient probable cause. She did not meet her burden.
 {¶ 17} The fact that appellant points to some evidence suggesting that she was cleared of wrongdoing in relation to child abuse does not mean TCCSB maliciously prosecuted the underlying case. This is especially true when the purported evidence did not exist until after the initial adjudication of dependency. TCCSB was notified of an injured child and suspected appellant's actions as a cause of those injuries. As such, TCCSB had a duty to conduct an investigation.
 {¶ 18} Because appellant failed to meet the second and third elements of the Robb test, appellees were entitled to summary judgment as a matter of law. Thus, the remaining elements will not be addressed.
 {¶ 19} There were no genuine issues of material fact for trial, and appellees were entitled to judgment as a matter of law. Therefore, the trial court did not err by entering summary judgment in favor of appellees.
 {¶ 20} Appellant's assignment of error is without merit.
 {¶ 21} The judgment of the trial court is affirmed.
Ford, P.J., O'Toole, J., concur.
[1] 11th Dist. No. 2002-T-0028, 2002-Ohio-7282.
[2] 11th Dist. No. 2002-T-0160.
[3] Dresher v. Burt (1996), 75 Ohio St.3d 280, 293.
[4] Civ.R. 56(C).
[5] Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105.
[6] Dresher v. Burt, 75 Ohio St.3d at 293.
[7] Id.
[8] Robb v. Chagrin Lagoons Yacht Club, Inc. (1996), 75 Ohio St.3d 264, syllabus, following Crawford v. Euclid Natl. Bank (1985),19 Ohio St.3d 135.
[9] 11th Dist. No. 2002-T-0028, 2002-Ohio-7282.
[10] 11th Dist. No. 2002-T-0160.
[11] Robb v. Chagrin Lagoons Yacht Club, Inc., supra.
[12] Id.